UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                      Case No.: 3:04-cr-206-J-20MCR

BRUCE MAINOR,

_____/

ORDER

Before the Court are multiple motions filed by Defendant including Defendant's Motion to Dismiss Indictment (Doc. No. 350, filed March 23, 2005), Defendant's Motion for Automatic Review of Detention Order and Release from Detention (Docs. Nos. 357, 358, filed March 24, 2005), Defendant's Motion for Reconsideration, Alter Ruling, Amendment, Vacation of Document 485 (Doc. No. 505, filed May 26, 2005), Defendant's Objections to Magistrate Judge Richardson's Report and Recommendation to Deny Defendant's Motion to Suppress (Doc. No. 537, filed June 20, 2005), Motion for Judicial Notice of Case (Doc. No. 607, filed July 22, 2005), and Defendant's Motion to Strike Paragraph I of Document 593 (Doc. No. 608, filed July 22, 2005). The United States has opposed all Motions. (Doc. No. 408, filed April 7, 2005; Doc. No. 593, filed July 19, 2005).

I. **Motions Relating to Defendant's Motion to Suppress**

On November 8, 2005, Defendant filed his Amended Motion to Suppress, For Return of Property, and Motion in Limine (Doc. No. 250). After a suppression hearing, Magistrate Judge Richardson issued a Report and Recommendation (Doc. No. 322, filed February 14, 2005) to deny the Motion to Suppress finding first that Defendant had no reasonable expectation of

1

privacy in his brother's apartment and second, that the search of the apartment was conducted pursuant to the lawful consent of a third party. Specifically, Judge Richardson found the existence of lawful consent by a third party, Defendant's father, because at the time of the search, the police reasonably believed Defendant's father possessed the authority to consent to the search of the apartment. Based on the Report and Recommendation and after conducting an independent de novo review of the record, the Court denied Defendant's Amended Motion to Suppress. (Doc. No. 485, filed May 16, 2005), but still permitted Defendant to file untimely objections to the Report and Recommendation. Defendant did so on June 20, 2005. (Doc. No. 537). He also expressly asked the Court to reconsider, alter, amend, and/or vacate its previous Order denying his Motion to Suppress. (Doc. No. 505).

The objections and corresponding motion simply make the same arguments presented by Defendant at the suppression hearing, briefed in his Motion to Suppress, and considered by this Court when denying the motion. Moreover, his argument that Florida state privacy law, rather than federal law, should govern is unavailing. This is a federal case in federal court brought under a federal statute. The Fourth Amendment and federal case law interpreting it will control. Defendant's Objections to the Report and Recommendation are rejected and his Motion to Reconsider, Amend, Modify, and/or Vacate Order No. 485 (Doc. No. 505) denying his Motion to Suppress is **DENIED**.

## II. Motions Relating to Defendant's Detention

### A. Speedy Trial Act

Defendant also seeks dismissal of his indictment and release from custody under the Speedy Trial Act, 18 U.S.C. § 3161 et. seq. He argues that because trial has not commenced

2

within seventy days from his initial appearance, as required by the Act, Defendant should be released from detention and/or the indictment should be dismissed with prejudice. In his motion, Defendant includes a contention that the Speedy Trial Act is unconstitutional as a violation of separation of powers principles. He also makes vague allegations that dismissal is warranted because of violations of his rights to due process of law under the Fifth Amendment and to freely exercise his religion under the First Amendment. The Court disagrees on all bases.

Pursuant to the Speedy Trial Act, 18 U.S.C. 3161(c)(1):

> in any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

Not all time spent in custody counts toward the seventy day measure, but rather, certain periods of delay "shall be excluded in computing the time within which the trial of any such offense must commence." § 3161(h). Excludable time includes:

> (1) any period of delay resulting from other proceedings concerning the defendant, including but not limited to:
>
>> (F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
>>
>> (J) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.
>
> (7) A reasonable delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.
>
> (8A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings

that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

As the Government sets out in its Response (Doc. No. 408), all periods of time from the date of his arraignment on August 5, 2004 through the present date are excludable time due to numerous motions filed by Defendant, consideration of those motions by the Court, motions filed by co-defendants which were adopted by Defendant, and continuances in which the Court made express findings that the "the interests of the public and the Defendants in the speedy trial of this cause will not be impeded by such continuance; and that accordingly such continuance will serve the interests of justice."[1] (Doc. No. 274, filed December 7, 2004).

---

[1] The motions filed and orders issued creating excludable time include, but are not limited to, the following: Defendant pled not guilty on August 5, 2004 (Doc. No. 86); Defendant moved to continue his detention hearing on August 7, 2004 (Doc. No. 92); Defendant moved to continue his detention hearing again on August 11, 2004 (Doc. No. 135); Order of temporary detention was entered on August 12, 2004 (Doc. No. 137); Defendant moved to adopt all motions of codefendants on September 13, 2004 (Doc. No. 163); he filed a Motion to Suppress on September 20, 2004 (Doc. No. 173); Defendant filed a Motion in Limine on September 20, 2004 (Doc. No. 176); He filed another Motion in Limine on September 22, 2004 (Doc. No. 183); He moved to extend time to file motions on September 23, 2005 (Doc. No. 186); The United States filed a Motion to Extend Time to Respond on September 28, 2004 (Doc. No. 191); This Motion was granted by the Court on October 5, 2004 (Doc. No. 203); The Court granted a motion to continue this case from October 4, 2004 until January 10, 2005 (Doc. No. 192); The Court granted another continuance on December 7, 2004 extending the case from January 10, 2005 until May 10, 2005 expressly finding that the ends of justice would be served by a continuance (Doc. No. 197, 274), moved to continue his detention haring. Codefendant Richo filed Joint Motion to Continue (Doc. No. 243); Codefendant Alexander filed Joint Motion to Extend time to File Dispositive Motions (Doc. No. 254); Codefendant Alexander filed Motion to Continue Trial (Doc. No. 266); Report and Recommendation as to Defendant's Motion to Suppress filed on February 14, 2005 (Doc. No. 328); On February 28, 2005, Defendant filed a Motion to Extend Time to File Objections to the Report and Recommendation (Doc. No. 328); Defendant moved to dismiss his indictment on March 24, 2005 (Doc. No. 350); Defendant filed his Motion for review of the Detention Order and for Release from Custody on March 24, 2005 (Docs. Nos. 357, 358); On April 11, 2005, Defendant filed a Motion to Adopt a motion of codefendant Alexander (Doc. No. 411). On May 26, 2005 Defendant filed the motion to reconsider, amend, vacate Order No. 485 (Doc. No. 505).

4

Specifically and most importantly, nearly a year ago, on September 13, 2005, Defendant filed a Motion to Adopt All Motions filed by all codefendants in this case. (Doc. No. 163). The Court will not waste the paper needed to list all the motions filed in the present case, but in an eighty-seven (87) page docket report, six-hundred thirteen entries (613) are listed. Since all time between the filing of a motion and a hearing on that motion or its prompt resolution is considered excludable time, see § 3161(h), it cannot be doubted that every day from August 5, 2005 until the present date is excludable.

Outside of his codefendants' motions which were adopted by Defendant, his own motions and other actions by this Court have tolled the seventy day measurement. First, the time period from August 5, 2004 through October 13, 2004 is excludable because Defendant moved twice to continue his detention hearing (Doc. No. 92 and Doc. No. 135) and then waived his right to a detention hearing until September 21, 2004 when he filed a Motion to hold a detention hearing. (Doc. No. 180). On October 13, 2004, the Court entered an Order detaining Defendant. (Doc. No. 213). The time period from mid September through November 16, 2004 is likewise excludable because Defendant filed various discovery motions, including a motion to suppress (Doc. No. 173), and those motions were being considered and ruled on until the suppression hearing was held on November 16, 2004. (Docs. Nos. 182, 247, 248, 259, 300, 322).

Overlapping with these dates were continuances ordered by the Court which extended the excludable time through May 10, 2005. First, on September 24, 2005, the Court first continued the case from an October 4, 2004 trial date until January 10, 2005. (Doc. No. 197). Next, on December 7, 2004, the Court again continued the trial date from the previously set January date to May 10, 2005. (Doc. No. 274). In both Orders the Court expressly held that the continuance

5

was granted in the interests of justice as required by the Speedy Trial Act. 18 U.S.C. § 3161(h)(8A).

Since those continuances, Defendant has filed numerous motions that have tolled any calculation of the seventy days. On March 23 and 24, 2005, Defendant filed several motions including the Motion to Dismiss, and Motion for Automatic Review of Detention Order and Release from Custody (Docs. Nos. 350, 357, 358) that are pending before this Court. Thus, <u>all</u> time from March 23, 2005 until the present date is excluded from the Speedy Trial measurement. As trial has not been delayed for more than seventy non-excludable days, Defendant's speedy trial rights have not been violated.

The Court has read and considered the case submitted by Defendant, <u>United States v. Tirasso</u>, 532 F.2d 1298 (9th Cir. 1976), and thus, Defendant's Motion for Judicial Notice of a Case (Doc. No. 607) is **GRANTED**. The case is of no assistance to Defendant, however, because it deals with application of the Act to two defendants held in custody for more than seventy non-excludable days. In contrast, and as explained above, every day of Defendant's detention is excludable in computing time under the clear language of the Speedy Trial Act. <u>Tirasso</u>, is therefore inapposite and unpersuasive in the present case.

In addition, the Court rejects Defendants challenge to the constitutionality of the Speedy Trial Act itself. In his brief (Doc. No. 533), Defendant reasons that since it is the duty of the federal judiciary to say what the law is and interpret the Constitution, federal courts, and not Congress, should define and apply "speedy trial rights" as guided by the Sixth Amendment to the Constitution. Consequently, Congress' selection of seventy days as the measure of a speedy trial, according to Defendant, impinges on the province of the judiciary and violates constitutional

6

principles of separation of powers. The Court disagrees.

The principle of separation of powers does not require the three branches of government to function in complete isolation. Instead, "[w]hile the Constitution diffuses power the better to secure liberty, it also contemplates that practice will integrate the dispersed powers into a workable government." Youngstown Sheet & Tube Co. v. Sawyer, 343 U.S. 579, 635 (1952). To determine whether the Speedy Trial Act invades the province of the courts, "the proper inquiry focuses on the extent to which (the Act) prevents the (judiciary) from accomplishing its constitutionally assigned functions." Nixon v. Administrator of General Services, 433 U.S. 425, 443 (1977).

The establishment by Congress of definite time limits for trial does not invade the judiciary's constitutional function. Instead, "the time limits and dismissal sanction of the Speedy Trial Act assuredly constitute a valid procedural directive [from Congress] which preempt any contrary assertion of inherent power by the court." United States v. Brainer, 691 F.2d 691, 697 (4th Cir. 1982). Courts, including the Supreme Court of the United States, have made clear that procedural rules and legislatively imposed deadlines on judicial decisionmaking do not implicate the concerns underlying the Constitution's separation of powers. See Miller v. French, 530 U.S. 327, 349-50 (2000) (finding that time tables established in Prison Litigation Reform Act do not violate separation of powers principles). The seventy day time period dictated under the Speedy Trial Act raises no "apprehensions that Congress has encroached on the core function of the Judiciary to decide 'cases and controversies properly before them.'" Id. at 349.

Defendant's argument that the Speedy Trial Act's deadlines inhibit the court's adherence to the Sixth Amendment is likewise unsuccessful. In fact, in almost all situations, the Act affords

7

greater protection to a defendant's speedy trial rights than the Sixth Amendment, which provides only minimal protection against government encroachment. See Brainer, 691 F.2d at 698 ("The Sixth Amendment, however, merely secures certain minimal trial rights against encroachment by government. In no way does it prevent Congress from according the accused more protection than the Constitution requires, nor does it preclude Congress from acting on the public's interest in speedy justice"); see also United States v. Baker, 63 F.3d 1478, 1497 (9th Cir. 1995). The Court notes that it is curious that Defendant would challenge the constitutionality of a statute providing more protection for his speedy trial rights while likewise seeking release from custody and dismissal of his indictment under that very same statute. Regardless, the Speedy Trial Act does not run afoul of the Sixth Amendment and Defendant's challenge to the constitutionality of the Act under that ground, as well as based on principles of separation of power, must fail.

Finally, Defendant's Motion to Strike (Doc. No. 608) every authority relied on by the Government in its Response (Doc. No. 593) is **DENIED**. The cases cited by the Government are all relevant and concern either the Speedy Trial Act, the Sixth Amendment, and/or separation of powers principles. Several of the cases, in fact, are cited by the Court in this Order. Defendant is free to debate the reasoning of the cases, but a motion to strike case law adverse to one's position is improper.

B. Free Exercise of Religion

Defendant has likewise failed to demonstrate that his indictment should be dismissed based on his vague allegations of violations of his rights to freely exercise his religion. Defendant cites United States v. Butler, 792 F.2d 1528 (11th Cir. 1986), for the proposition that

dismissal is mandatory whenever a defendant's constitutional rights have been violated.[2] He leaves out, however, that the Eleventh Circuit was merely addressing dismissal whenever a <u>delay in prosecution</u> violates a defendant's constitutional rights. <u>Id.</u> at 1533. The <u>Butler</u> Court certainly did not state, much less hint, that a defendant's indictment should be dismissed for wholly unsubstantiated allegations of violations of his First Amendment Rights. Other remedies, such as prospective injunctive relief, are much more appropriate for such allegations. Defendant is free to pursue such a route if he pleases, however, the relief he seeks, dismissal of his indictment and release from custody, is not warranted.

C. <u>Due Process of Law</u>

As for Defendant's emaciated allegations that his continued detention violates his due process rights, this argument is also rejected. Substantial evidence was presented at his detention hearing, and Judge Richardson so found, that Defendant was both a threat to the community and a flight risk. (Doc. No. 213, filed October 19, 2004). Although recognizing Defendant's significant family ties to the community, Judge Richardson held that "no condition or combination of conditions will ensure the presence of the defendant at future court proceedings or the safety of the community." <u>Id.</u> Other than the fact that Defendant does not want to be in jail any longer, Defendant has presented nothing to call into question the Order mandating his detention. Consequently, Defendant's Motions for Automatic Review of Detention Order and Release from Custody (Docs. Nos. 357, 358) are **DENIED**. He has also demonstrated no basis for dismissal of his indictment and his Motion seeking such (Doc. No. 350) is likewise

---

[2] Defendant implies without expressly arguing that the constitutional right allegedly violated is his Sixth Amendment right to a speedy trial.

9

**DENIED.**

III. **Conclusion**

It is hereby **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Dismiss Indictment (Doc. No. 350) is **DENIED.**

2. Defendant's Motions for Automatic Review of Detention Order and Release from Custody (Docs. Nos. 357, 358) are **DENIED.**

3. Defendant's Motion for Reconsideration, Alter Ruling, Amendment, Vacation of Document 485 (Doc. No. 505) is **DENIED.**

4. Defendant's Motion for Judicial Notice of Case (Doc. No. 607) is **GRANTED.**

5. Defendant's Motion to Strike Paragraph I of Document 593 (Doc. No. 608) is **DENIED.**

**DONE AND ENTERED** at Jacksonville, Florida, this 29th day of July, 2005.

HARVEY E. SCHLESINGER
United States District Judge

**Copies to:**

William E. Folsom, Esq.
D.J. Pashayan, AUSA
Gerald Scott Bettman, Esq.
Clyde M. Collins, Jr., Esq.
O. David Barksdale, Esq.
Thomas George Fallis, Esq.
Charlie Lee Adams, Esq.
Quentin Till, Esq.
Robert Calvin Rivers, Esq,
Daniel A. Smith, Esq.
William Charles Fletcher, Esq.
Michael W. Johnson, Esq.
David Gerhardt Mengers, Esq.